Appeal by Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, which affirmed the decision of a Referee overruling an initial determination made by the Industrial Commissioner disqualifying claimant from receiving unemployment insurance benefits on the ground that claimant had voluntarily left her employment without good cause. Claimant had previously been employed as a full charge bookkeeper at $60 a week. She took a position as assistant bookkeeper at $50 a week. She was told that her duties would consist of handling accounts payable, monitor board, relief duty on the switch board and typing. After she had gone to work she learned for the first time that she would also be required to devote a day a week to work on the payroll. She had had no payroll experience, and although she did the work satisfactorily to her employer, she found it distasteful to her and hard on her eyes and thereupon left the employment and filed her claim for benefits. The record indicates that the wages paid were those prevailing for similar work in the locality, and that the duties of the position customarily included work on the payroll. There can be no question but that the claimant, who had been a bookkeeper for some eighteen years, was properly fitted by training and experience to do this job. To make a distinction for the purpose of unemployment insurance benefits between general bookkeeping duties and bookkeeping duties which include payroll work draws too fine a line. We are of the opinion that claimant’s voluntary separation from her employment because she was required to post some payroll figures was without good cause, as a matter of law, and disqualified her from unemployment insurance benefits pursuant to section 593 of the Labor Law. The decision of the Unemployment Insurance Appeals Board is reversed on the law and the determination of the Industrial Commissioner reinstated, without costs. Foster, P. J., Heffernan, Brewster, Deyo and Coon, JJ., concur.